**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3530-15T2

D.C.,

    Plaintiff-Respondent,

v.

J.C.,

    Defendant-Appellant.

_____

          Argued December 18, 2018 – Decided February 7, 2019

          Before Judges Fisher, Geiger and Firko.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1272-12.

          Angelo Sarno argued the cause for appellant (Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys; Angelo Sarno and Rawan Hmoud, of counsel and on the briefs; Sarah L. Davis, on the briefs).

          Matheu D. Nunn argued the cause for respondent (Einhorn, Harris, Ascher, Barbarito & Frost, PC, attorneys; Matheu D. Nunn, of counsel and on the brief; Jessie M. Mills, on the brief).

PER CURIAM

Defendant[1] appeals from a March 7, 2016 dual final judgment of divorce (DFJD), entered after a seven-month trial, granting: sole custody of the minor twin sons[2] to plaintiff; ordering defendant to have supervised visitation; determining equitable distribution, alimony, and child support; modifying pendente lite support; and awarding counsel fees to plaintiff. There exists substantial credible evidence in the record to support the judge's findings, including her credibility findings, and we see no abuse of discretion. We affirm substantially for the reasons given by Judge Maryann L. Nergaard in her comprehensive 177 page written opinion. We add the following remarks.

Appellate review of a trial court's decision is limited, as "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "[M]atrimonial courts possess special expertise in the field of domestic relations . . . . Because of the family courts' special jurisdiction and expertise in family matters,

---

[1] We use initials in the caption to protect the privacy of the parties.

[2] The twins were born in April 2004.

appellate courts should accord deference to family court factfinding." Id. at 412-13.

"Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (citing New Jersey Div. of Youth & Family Services v. G.L., 191 N.J. 596, 605 (2007)). Deference is extended to the family court's factual findings because of its ability to make first-hand credibility judgments. Ibid. "However, a judge's legal conclusions are subject to our plenary review." Milne v. Goldenberg, 428 N.J. Super. 184, 197-98 (App. Div. 2012) (citations omitted).

I.

Custody and Parenting Time

Defendant argues that the trial judge erred by: (1) entering an interim decision on February 9, 2015, transferring physical custody of the children to plaintiff in violation of her due process rights and thereby tainting the remainder of the trial; (2) requiring defendant to have supervised parenting time without the support of expert opinion; and (3) improperly delegating its duties to court-appointed custody experts and a non-custody expert. We disagree.

We recognize that a party may suffer adverse consequences from a temporary order.  N.J. Div. of Youth & Family Servs. v. A.P., 408 N.J. Super. 252, 262 (App. Div. 2009); Peregoy v. Peregoy, 358 N.J. Super. 179, 203 (App. Div. 2003).  Defendant argues that A.P. and Peregoy support her argument that her challenge to the February 9, 2015 order is not moot or superseded by the DFJD.

Peregoy addressed the question of consent-to-jurisdiction under the Uniform Child Custody Jurisdiction Act, N.J.S.A. 2A:34-28 to -52.  Peregoy, 358 N.J. Super. at 183.  Mootness was not at issue, as the appeal arose directly from the trial court's granting of injunctive relief.  Id. at 191-92.  We noted that a trial judge's order for a temporary change in custody may have a lasting effect by creating a new status quo, particularly in the multi-state context where the child's "home-state" by law changes after six months.  Id. at 203.  With that in mind, we concluded that there was insufficient evidence in the record to support the trial court's summary grant of the father's motion for a change in custody. Id. at 203-04.

Unlike Peregoy, this matter was not decided summarily by way of certifications.  Further, a superseding order was issued following a full trial that finalized custody arrangements for the then eleven-year-old boys.  While there

4

is no question that the transfer of custody during trial changed the status quo, defendant does not explain how that prejudiced her ability to regain custody of the children over a year later. The applicable law and defendant's ability to participate in the trial remained the same throughout the proceeding.

In A.P., the question was whether the defendant's appeal from the dismissal of a Title 9 action was mooted by the Division's filing of a Title 30 action. A.P., 408 N.J. Super. at 261. We recognized that a finding of abuse or neglect under Title 9 could prejudice a parent's cause in a subsequent Title 30 termination proceeding, but that dismissal of the Title 9 action without an adjudication had no adverse consequences. Id. at 262-63. Significantly, we recognized that the order disposing of the Title 9 action was not a true order of dismissal because it provided for the continuation of physical custody of the child with his paternal grandmother. Id. at 263. We concluded that the custody order entered in the Title 30 action superseded the Title 9 order, resulting in the Title 9 order having no operative effect with regard to custody. Ibid. Because the Title 9 order had no practical effect on the existing Title 30 action against defendant, her appeal from that order was deemed moot. Id. at 264.

Defendant's argument here is analogous to that of the defendant in A.P. The pendente lite order of February 9 was superseded by the DFJD, thus

rendering the order moot with no operative effect. While defendant may have been dissatisfied with limitations imposed on her parenting time after February 9, those limitations were certainly less onerous than the restrictions placed on A.P., who lost both physical and legal custody of her child while facing a termination proceeding.

Moreover, the record is clear that defendant's separation from the children was largely self-created. She resisted using Ann Ordway, Esq., who is also a therapist, to supervise parenting time at the Center for Evaluation and Counselling (CEC), and rejected several other proposed services. Defendant refused to follow the rules at CEC, argued with staff, and threatened to file a lawsuit. During the summer, she missed phone calls with the children and did not attend parenting time. As late as September 2015, defendant still had not found a viable supervisor.

Further, the requirement for supervised visitation was contingent on defendant undergoing a psychiatric evaluation with Dr. Morton Fridman, yet defendant resisted making an appointment with him. She balked at his recommendation for dialectical behavioral therapy and chose to see a therapist who was more "spiritual." The court-appointed expert, Dr. Edwin Rosenberg, opined that plaintiff was in a superior psychological state in terms of parenting,

A-3530-15T2

had realistic plans for the children, and that defendant's judgment was "significantly flawed." In accord, defendant's expert, Dr. Sharon Ryan Montgomery, described defendant as "hardwired," "histrionic," "disorganized," and "impulsive," whereas she described plaintiff as a "polished guy." Dr. Montgomery testified that defendant sometimes acted contrary to the best interests of the children.

Our review of the record reveals that the children were strongly bonded with defendant and living with plaintiff did not diminish their love for her. The boys continued to attend school in Kinnelon and remained active in their sports and play dates. Nothing in the record suggests that returning the children to defendant's physical custody would have been unduly disruptive to them.

We are satisfied that Judge Nergaard did not abuse her discretion or commit any error because defendant has failed to demonstrate that the February 9 order prejudiced her ability to regain custody of her children. The judge found defendant's testimony was "all over the map," and we defer to the judge's credibility findings. Because that order was superseded by the DFJD, the issue is moot.

A-3530-15T2

II.

Modification of Pendente Lite Support

Defendant next argues that the judge erred by retroactively modifying

pendente lite support to a date preceding a consent order that provided:

> with respect to financial matters to the following terms,
> without prejudice, and subject to reallocation or
> modification on the application of either party:
>
> a. Plaintiff shall pay to defendant $5,000 per month
> non-taxable support commencing June 1, 2012. As
> additional non-taxable support, the plaintiff shall pay
> the mortgages and taxes, utilities and telephone, lawn
> care and snow removal, septic expenses, exclusive of
> replacement of a pump that may be a major repair,
> normal maintenance and repairs, health insurance,
> including unreimbursed medical and dental expenses
> for the children provided (unless otherwise agreed or
> court ordered) the defendant uses in-network providers
> . . . . He shall also pay approximately $7,000 in
> defendant's current credit card charges.
>
> (Emphasis added).

The consent order was abrogated when plaintiff dismissed his complaint

in August 2012, and reinstated by the court when the complaint was refiled. On

August 16, 2013, the court reduced plaintiff's pendente lite support obligations

to $3000 per month effective July 1, 2013. The order referenced "reasons placed

on the record this date," yet defendant did not include that record in her appellate

appendix.[3] During trial, the court addressed the modified pendente lite order, explaining that it reduced plaintiff's direct support obligation because there was a dispute regarding defendant's ability to earn income and issues arose concerning her dance studio. The court determined that defendant had an obligation to obtain employment, and she noted that no motions had been filed since 2013 to modify support.

We note an inconsistency in defendant's arguments. In her brief, she takes issue with the judge's reduction of pendente lite support from $5000 to $3000 per month. In her reply brief, defendant disputes the judge's application of N.J.S.A. 2A:34-23(b)(13) in respect of retroactively modifying the support and giving plaintiff a credit for Schedule A[4] expenses he paid post complaint.[5]

---

[3] Failure to provide the transcript for the entire proceedings from which the appeal is taken is grounds for dismissal of a separable portion of that appeal. R. 2:5-3(b); Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

[4] The case information statement (CIS) required by Rule 5:5-2 lists shelter expenses as Schedule A.

[5] We note that raising issues for the first time in a reply brief is improper. State v. Smith, 55 N.J. 476, 488 (1970); Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001).

A-3530-15T2

Pendente lite support awards may be entered based upon the parties' submissions without a plenary hearing. <u>Mallamo v. Mallamo</u>, 280 N.J. Super. 8, 12 (App. Div. 1995), and are subject to modification prior to final judgment.

The record is devoid of the transcript of the judge's decision and moving certifications in support of the motion. Nonetheless, we are satisfied from our review of this limited record that the judge appropriately weighed evidence of defendant's income from her dance studio and considered proofs on imputation of income to her. In her decision, the judge found that the totality of payments made by plaintiff to defendant throughout the proceedings allowed her to enjoy a lifestyle significantly better than the one plaintiff had.

The judge considered the factors set forth in N.J.S.A. 2A:34-23(b)(13) by explaining in her decision that pendente lite support paid had to be considered before calculating the limited duration alimony prior to the DFJD. Explicit factual findings concerning partial credits owed to plaintiff for mortgage, real estate taxes, homeowner's insurance, association dues, and all other Schedule A expenses, were expressed in the judge's lengthy opinion. Judge Nergaard's analysis was based on the applicable statutory factors and the evidence presented by the parties. We will not substitute our judgment for that of the trial court. <u>Genovese v. Genovese</u>, 392 N.J. Super. 215, 222 (App. Div. 2007).

III.

Counsel Fees

Defendant objects to the trial judge's imposition of a counsel fee obligation. A Family Part judge may award counsel fees subject to the provisions of Rule 4:42-9. In determining the award, a judge should consider:

> (1) the financial circumstances of the parties;
>
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
>
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
>
> (4) the extent of the fees incurred by both parties;
>
> (5) any fees previously awarded;
>
> (6) the amount of fees previously paid to counsel by each party;
>
> (7) the results obtained;
>
> (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and
>
> (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

A judge "shall consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party."

11

N.J.S.A. 2A:34-23. Application of these factors and the decision to award fees is within the trial judge's discretion. Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App. Div. 2008). That is, an "award of counsel fees in matrimonial actions is discretionary with the trial court, [Rule] 4:42-9(a)(1), and an exercise thereof will not be disturbed in the absence of a showing of abuse." Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970).

The judge analyzed the Rule 5:3-5(c), 4:42-9(a)(1), and R.P.C. 1.5(a) factors at length in her written decision. She also found that defendant satisfied the bad faith test set forth in Borzillo v. Borzillo, 259 N.J. Super. 286, 293-94 (Ch. Div. 1992). The judge noted that defendant exhibited "a desire to destroy, harass[,] [and] punish plaintiff and to use this litigation to force concessions from him." Defendant's behavior caused the litigation to be protracted, and much more complicated and expensive than it should have been. Her behavior included: alienation of the children's affection for plaintiff; coaching them on what to tell experts; fabricating her own testimony; making a blatantly false claim that plaintiff assaulted her resulting in permanent spinal injuries; and contrived allegations of judicial corruption.

Further, we reject defendant's argument that the judge erred by not conducting a hearing pursuant to Mayer v. Mayer, 180 N.J. Super. 164, 169

(App. Div. 1981) and <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995).  No one requested a hearing on the issue of attorney's fees.  It was appropriate for the judge to rely upon written submissions of counsel in determining counsel fees, and we find no abuse of discretion on this issue.  <u>See</u> <u>Berkowitz</u>, 55 N.J. at 570.

The judge carefully considered the relevant factors, and her decision adequately addressed them.  The record is replete with defendant's failure to abide by pendente lite orders evidencing her bad faith.  The requested fees were found fair and reasonable by the judge, and much work was required due to defendant's reprehensible conduct.  The judge duly considered that plaintiff's income far exceeded defendant's earnings.  The award of $105,970.90 was appropriate.

We conclude that defendant's remaining arguments – to the extent that we have not addressed them – lack sufficient merit to warrant any further discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-3530-15T2