ROBERT BERKOWITZ, PLAINTIFF-RESPONDENT, v. REINE BERKOWITZ, NOW KNOWN AS REINE GOODMAN, DE-FENDANT-APPELLANT.

Argued February 2, 1970—Decided April 20, 1970.

*Mr. Sidney Krieger* argued the cause for appellant.

*Mr. Alan M. Grosman* argued the cause for respondent (*Messrs. Grosman & Grosman,* attorneys).

. The opinion of the court was delivered by

SCHETTINO, J. In this matrimonial action plaintiff seeks to reduce the support payments for his children. The Chancery Division held that changed circumstances warranted a reduction and denied defendant counsel fees and costs. The Appellate Division affirmed in an unreported *per curiam* opinion and we granted defendant's petition for certification. 54 *N. J.* 511 (1969).

The parties were married on March 2, 1943. Three children were born of the marriage: David in 1946, Donald in 1948, and Susan in 1953. In 1964 they separated and shortly thereafter a "Property Settlement and Support Agreement" (Agreement) was signed. The Agreement provided that defendant and the three children were to continue residing

in the home which the parties owned as tenants by the entirety. Moreover, so long as the three children were living with defendant, plaintiff would pay $8,500 yearly for their support and make all required payments on the mortgage, insurance, taxes and heating for the home.

The Agreement further provided that as each child entered "college or any other institution of learning away from the home after said child graduate[d] from high school," plaintiff would pay for four years of such education and that the support payments were to be reduced by $2,000 as each of the first two went to college "and by an additional $3,000 when the third child [left] home." Plaintiff was to pay for major medical and certain other incidentals for the children. The money defendant received was to be used for the ordinary living expenses of the children when they were home, the utilities and house repairs, and any and all expenses "not to be defrayed by the husband."

In case of divorce and subsequent remarriage by defendant, the Agreement obligated plaintiff to convey to her his interest in the home, subject to the existing mortagage. Thereafter plaintiff was relieved from any expenses regarding the property.

Defendant acknowledged that the provisions of the Agreement were adequate and "include[d] the required attention for the youngest child, who still require[d] someone to be home when the child return[ed] from school each day."

In 1966 plaintiff sued for divorce on the ground of deser tion. The two sons were then in college and only the daughter resided with defendant. The divorce was uncontested, but defendant filed an appearance requesting a hearing on the issues of support for the children, custody, and counsel fees. After negotiations, the parties agreed to incorporate the Agreement in the judgment *nisi* with one exception regarding the amount defendant was to receive for the support of the children. While the daughter resided with defendant and the two sons attended college, defendant was

to receive $100 per week, rather than $4,500 per year as specified in the Agreement. The judgment *nisi* was filed January 6, 1967.

On May 3, 1968, defendant remarried and her second husband moved into the home where she was then living with her daughter. Pursuant to the Agreement, plaintiff conveyed to defendant his interest in the property and accordingly was no longer responsible for the mortgage, insurance, taxes, etc.

On July 2, 1968, plaintiff filed a motion to modify the support provision in paragraph 2 of the judgment *nisi* from $100 per week to $40 per week. Plaintiff admitted that his 1967 gross income was $56,610.14, plus certain fringe benefits. He did not allege an inability to pay the $100 per week, but claimed changed circumstances, *viz.*: (1) defendant's present husband was able to support her and, therefore, she could remain at home and eliminate the housekeeeper to care for the daughter; (2) the absence of the two boys from the home for the greater part of the year; and (3) the gift to defendant of the house and its contents, which is shared by her husband, should relieve plaintiff from supporting the boys when they are home on vacation.

. Defendant filed an affidavit showing that she required at least $5,200 a year for the support of her children and that she earned approximately $11,000 in 1967.

The trial judge reduced the support order so that plaintiff would be required to pay $40 per week for the daughter and $30 per week for each son for each week the son lived at home with defendant three full days and nights. The Appellate Division affirmed. Subsequent to these decisions, the daughter allegedly enrolled in a boarding school, for which plaintiff pays $3,804.50 per annum.

Plaintiff now requests that the support order be further modified to provide the same arrangement as was granted for the sons, *i. e.,* $30 for each week the daughter lives at home three full days and nights.

Defendant, on the other hand, argues that the Agreement is specifically enforceable and provides for the "changed circumstances." Moreover, she maintains that only changes adversely affecting plaintiff will justify modification of a support agreement incorporated in a judgment *nisi*. Finally, she asserts that the trial judge abused his discretion in refusing to award her counsel fees and costs.

■ Preliminarily, we note that it would be improper for us to consider at the present time the daughter's alleged attendance at boarding school. Neither the trial court nor the Appellate Division had the opportunity to examine this allegation. Moreover, the allegation has not been verified by affidavit or any other evidence. The parties may, if they so desire, raise the issue before the trial court. Our opinion is based solely on the facts presented to the trial judge and the Appellate Division.

■ Agreements between separated spouses executed voluntarily and understandingly for the purpose of settling the issue of support for the wife and children are specifically enforceable, but only to the extent that they are just and equitable. *Schlemm v. Schlemm,* 31 *N. J.* 557 (1960) (support of wife); *Equitable Life Assur. Soc. of United States v. Huster,* 75 *N. J. Super.* 492 (App. Div. 1962) (support of wife and children). Therefore, the trial court has the discretion to modify the agreement upon a showing of changed circumstances. *Flicker v. Chenitz,* 55 *N. J. Super.* 273, 292 (App. Div. 1959), certif. granted, 30 *N. J.* 152, appeal dismissed by consent, 30 *N. J.* 566 (1959). Modification is similarly proper when the separation agreement is incorporated in the judgment *nisi. Schluter v. Schluter,* 23 *N. J. Super.* 409 (App. Div. 1952). However, when the parties and their attorneys have bargained at arm's length and there is no showing of unfairness, the trial court should not supply terms which the parties obviously considered and yet did not adopt.

■ In the instant case, the parties contemplated the possibility of divorce and remarriage by the wife and

provided that in such event plaintiff would convey his interest in the residence to defendant in return for cancellation of his obligations regarding the property. They made no provision, however, for reducing the children's support payments because of such remarriage. Similarly, the parties had made provision for the sons' attendance at college away from home. In such event, the support payments were to be reduced to $100 per week. Therefore, all of the alleged "changed circumstances" were envisioned by the parties and dealt with specifically in the Agreement. Absent evidence of either plaintiff's inability to meet his financial obligations under the Agreement or other unforeseen changes in circumstances, reduction of the support payments in the instant case was unjustified.

The remaining question concerns the trial judge's denial of counsel fees and costs. The Appellate Division affirmed, finding no abuse of discretion in the denial but granted counsel for defendant a fee of $500 and costs for services rendered before the Appellate Division.

██ The award of counsel fees in matrimonial actions is discretionary with the trial court, *R.* 4:42–9(a)(1), and an exercise thereof will not be disturbed in the absence of a showing of abuse. Based on our view of the circumstances and the wife's position as the favored suitor, we feel that counsel fees and costs should have been granted by the trial court. Rather than remand to the trial court for further consideration, we award defendant $250 in counsel fees and costs. In addition, the Appellate Division's award of $500 and costs is affirmed and we award counsel for defendant a fee of $500 and costs for services rendered before this Court.

The judgment of the Appellate Division is reversed except in regard to the allowance of counsel fees and costs in that court, and the matter is remanded to the trial court for entry of judgment in conformity with this opinion.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.