**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3947-16T1

LORI SGRO-LOFARO,

     Plaintiff-Respondent,

v.

DOMENIC LOFARO,

     Defendant-Appellant.

_____

Argued November 26, 2018 – Decided December 5, 2018

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1003-13.

Cameron A. Welch argued the cause for appellant (Cole Schotz, PC, attorneys; Jason R. Melzer and Cameron A. Welch, of counsel and on the briefs).

Silvana D. Raso argued the cause for respondent (Schepisi & McLaughlin, PA, attorneys; Silvana D. Raso and Michael T. Caulfield, on the brief).

PER CURIAM

Defendant appeals from an April 10, 2017 amended dual final judgment of divorce, entered after a lengthy trial, generally ordering him to pay plaintiff alimony and child support; providing that plaintiff receive proceeds from the sale of the marital home; awarding counsel fees to plaintiff; and requiring defendant pay for his two daughters' college tuitions. There exists substantial credible evidence in the record to support the judge's findings, including her credibility findings, and we see no abuse of discretion. We affirm substantially for the reasons given by the judge in her extensive forty-one page written opinion. We add the following brief remarks.

We reject defendant's arguments that the judge abused her discretion by ordering that plaintiff receive the sole marital asset (the marital home) in equitable distribution, and that the judge incorrectly applied the doctrines of the law of the case and res judicata in her written decision.

"Where the issue on appeal concerns which assets are available for distribution or the valuation of those assets, . . . the standard of review is whether the trial judge's findings are supported by adequate credible evidence in the record." Borodinsky v. Borodinsky, 162 N.J. Super. 437, 443-44 (App. Div. 1978). But "where the issue on appeal concerns the manner in which allocation of the eligible assets is made . . . [we] may determine whether the amount and

manner of the award constituted an abuse of the trial judge's discretion." Id. at 444. Thus, we review the judge's allocation of the sole marital asset for abuse of discretion.

Equitable distribution is governed by N.J.S.A. 2A:34-23.1. This statute authorizes a judge to determine not only which assets are eligible for distribution and their value, but also how to allocate those assets. Rothman v. Rothman, 65 N.J. 219, 232 (1974). When determining the parties' equitable distribution of the marital estate, a judge must consider, but is not limited to, the factors set forth in N.J.S.A. 2A:34-23.1.

The judge applied the factors set forth in N.J.S.A. 2A:34-23.1 to the parties' circumstances and found that plaintiff was entitled to all proceeds from the sale of the parties' property, which would be used to pay plaintiff's attorney's fees, reimburse expenses paid on behalf of the children, and satisfy any judgment creditors. This judge reached this conclusion in part because she characterized defendant's behavior as "miscreant" and because he failed to pay "family expenses."

Defendant had defaulted on loans, and family members obtained related judgments. In a different lawsuit, plaintiff filed a verified complaint contesting

A-3947-16T1

the legitimacy of the loans, and after months of litigation, a consent agreement was entered reducing the total amount due.

Neither res judicata nor the law of the case doctrine precluded the equitable distribution. Res judicata is a "common-law doctrine barring relitigation of claims or issues that have already been adjudicated." Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co., 142 N.J. 336, 346 (1995) (quoting Velasquez v. Franz, 123 N.J. 498, 505 (1991)). Similarly, the law of the case doctrine may require "a decision of law made in a particular case to be respected by all other lower or equal courts during the pendency of that case." State v. Reldan, 100 N.J. 187, 203 (1985). The doctrine is grounded in the policy that once an issue is litigated and decided in a suit, relitigation of that issue should be avoided if possible. State v. Hale, 127 N.J. Super. 407, 410-11 (App. Div. 1974). The consent order specifically noted that the balance of the proceeds would be held in escrow pending "further agreement between [p]laintiff and [defendant] or order of the [c]ourt in the [d]ivorce [a]ction." The separate lawsuit regarding the validity of the loans did not litigate issues of equitable distribution, especially as to the marital home.

On the issue of college tuition, the judge applied the factors expressed in Newburgh v. Arrigo, 88 N.J. 529, 545 (1982). We need not repeat the judge's

findings here. Suffice to say that the judge determined that defendant failed to comply with several orders entered between 2011 and 2014 requiring him to pay college tuition for one of the daughters, and otherwise enforced those orders directing him to pay the tuition and reimburse plaintiff (from the sale of the marital home). For the other daughter, the judge found that defendant "churned this litigation and failed over a period of years to provide the accounting of the children's accounts [and] misappropriated and dissipated same," concluding there was no reason to relieve defendant of his tuition obligations.

We reject defendant's contention that the judge abused her discretion by imputing income. "Imputation of income is a discretionary matter not capable of precise or exact determination but rather requiring a trial judge to realistically appraise capacity to earn and job availability." Storey v. Storey, 373 N.J. Super. 464, 474 (App. Div. 2004). The judge must only impute the amount of income that a party is capable of earning. Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999). "A trial judge's decision to impute income of a specified amount will not be overturned unless the underlying findings are inconsistent with or unsupported by competent evidence." Storey, 373 N.J. Super. at 474-75.

A-3947-16T1

The judge imputed $142,900 of income to defendant based upon the Department of Labor and Workforce Development Occupational Wages, which is the median salary for construction managers. This was "[b]ased upon his vast business experience, realtor experience, age, [and] ability to work and earn." The judge also believed defendant's "income is suspect since it has been . . . steadfastly set at $40,000[] per year" while "[defendant] has been able to pay his counsel throughout this litigation." The judge did not find defendant credible regarding his income or his work, and noted that defendant's testimony did not comport with the marital expenses testified to at trial. Furthermore, the judge found that defendant was able to loan $20,000 to "a girlfriend relative" with his current income. The judge noted that defendant worked for his good friend and recent business partner.

Defendant had owned several businesses since the parties married. After selling his ownership in a supermarket, defendant went into the nightclub business. Defendant sold his nightclubs, began construction projects, and owned a commercial building. Notably, the parties sold and bought new properties for their family homes, and yet, the parties' tax returns from the six years preceding their divorce show that defendant earned over $100,000 in only one of those six years.

A-3947-16T1

A Family Part judge may award counsel fees at his or her discretion subject to the provisions of Rule 4:42-9.  In determining the award, a judge should consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

A judge "shall consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party."  N.J.S.A. 2A:34-23.  Application of these factors and the decision to award fees is within the trial judge's discretion.  Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App. Div. 2008).  That is, an "award of counsel fees in matrimonial actions is discretionary with the trial court, [Rule] 4:42-9(a)(1), and an exercise thereof will not be disturbed in the absence of a showing of abuse."  Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970).

7

The judge analyzed the Rule 5:3-5(c) factors at length in her written decision, and considered the factors listed in Rule 4:42-9(a)(1) and RPC 1.5(a). She found that defendant acted in bad faith by previously violating several support orders and failing to pay certain maintenance costs associated with the marital home – which resulted in the utilities being turned off. She also noted that defendant was incarcerated for failing to comply with those court orders. The judge carefully considered the relevant factors, and the record is replete with defendant's failures to abide by support orders evincing his bad faith.

We conclude that the remaining arguments – to the extent that we have not addressed them – lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3947-16T1