**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5492-16T4

JEAN MARIE STELICOS,

     Plaintiff-Respondent,

v.

MICHAEL STELICOS,

     Defendant-Appellant.

_____

          Argued January 7, 2019 – Decided January 31, 2019

          Before Judges Fasciale and Gooden Brown.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1631-06.

          Michael Stelicos, appellant, argued the cause pro se.

          Respondent has not filed a brief.

PER CURIAM

     Defendant Michael Stelicos appeals from a June 28, 2017 order, which denied his requests (1) for reimbursement from his ex-wife, plaintiff Jean Marie

Stelicos, for money that she borrowed from defendant; (2) for plaintiff to pay defendant's living expenses; (3) for plaintiff to reimburse defendant for items of defendant's personal property that plaintiff discarded; and (4) for plaintiff to return to defendant items of his personal property that plaintiff currently holds. The judge also denied defendant's request to terminate any and all of defendant's support obligations to plaintiff, emancipate the parties' children, and denied all claims for relief not specifically referred to in the order. The judge granted in part defendant's motion requesting that plaintiff reimburse defendant for the equity of the former marital residence pursuant to the parties' Final Judgment of Divorce (FJOD), if plaintiff provided proof of the recorded mortgage in favor of defendant by July 15, 2017. Plaintiff has not filed an opposition brief.

The parties divorced in October 2006. They lived together until 2011. In the 2006 FJOD, defendant was ordered to pay $500 per month in child support, which was set to commence in October 2008. Plaintiff was permitted to retain the marital home "until the last of the parties' children graduates college or is otherwise emancipated," upon which the home "shall be either sold or refinanced by . . . [p]laintiff who shall, at that time, pay . . . [d]efendant his net equity of $68,430.50." The judge determined this figure by deducting the total encumbrances (two mortgages) from the value of the house, and then splitting

the net equity in half. Plaintiff was solely responsible for all costs associated with the marital home and assumed all responsibility for the first and second mortgages. Defendant was to execute a deed to transfer his "right, title and interest" in the home, subject to the mortgages for which "[p]laintiff shall hold [d]efendant harmless at her sole cost and expense." In exchange, plaintiff was to execute a mortgage in the amount of $68,430.50 securing defendant's interest in the marital home.

Defendant makes five points on appeal:

> POINT I
> THE TRIAL [JUDGE] ERRED IN NOT GRANTING RELIEF TO DEFENDANT BECAUSE PLAINTIFF BREACHED HER DUTY OF REPAYING DEFENDANT HIS BORROWED MONEY AND ABANDONED THEIR AGREEMENTS AVOIDING ANY CONTACT OR SETTLEMENT OF HER LOANS FROM DEFENDANT SINCE JULY 2011.
>
> POINT II
> THE TRIAL [JUDGE] ERRED IN NOT RESPONDING TO DEFENDANT'S REQUEST FOR LEGITIMATE RETROACTIVE INTEREST TO BE INCLUDED IN HIS SHARED MARITAL RESIDENCE INTEREST SINCE THAT MORTGAGE AMOUNT OF $68,430.50 (10/10/2006 FINAL DIVORCE JUDG[]MENT/PARAGRAPH 7.1) WAS NEVER EXECUTED BY PLAINTIFF TO THIS DATE AND ANY MORTGAGE ACCOUNT ALWAYS BEARS INTEREST EARNED OR CHARGED.

A-5492-16T4

POINT III
THE TRIAL [JUDGE] ERRED IN DENYING REIMBURSEMENT TO DEFENDANT ABOUT ALL HIS PERSONAL PROPERTY [BEING] DISCARDED AND/OR NEVER RETURNED TO HIM BY PLAINTIFF SINCE JULY 2011 BECAUSE THE TWO PARTIES NEVER DIVIDED THEIR BELONGINGS AFTER THEIR DIVORCE AND CONTINUED LIVING TOGETHER UNTIL JULY 2011. SINCE THEN DEFENDANT NEVER RECEIVED ANY OF HIS PERSONAL BELONGINGS FROM PLAINTIFF AND/OR ANY REIMBURSEMENT ABOUT ALL HIS PERSONAL PROPERTY AT THEIR FORMER MARITAL RESIDENCE. PLAINTIFF DISCARDED MUCH OF DEFENDANT'S PERSONAL PROPERTY WITHOUT HIS KNOWLEDGE OR CONSEN[T] IN 2011 TO THE PRESENT.

POINT IV
THE TRIAL [JUDGE] ERRED IN DENYING DEFENDANT'S REQUEST FOR RELEASE OF CHILD SUPPORT OBLIGATIONS AND EMANCIPATION OF CHILDREN BECAUSE DEFENDANT FULLY EXPLAINED ALL FACTS ABOUT THIS ISSUE IN HIS MOTION AND SHOWED HOW HE FULFILLED ALL THOSE OBLIGATIONS TO PLAINTIFF BETWEEN 2006-2011 IN ADVANCE IN NUMEROUS PAYMENTS AND ALSO STATED THAT BOTH CHILDREN ARE EMANCIPATED BY NOW. THE TRIAL [JUDGE] FAILED TO REQUEST ADDITIONAL INFORMATION FROM BOTH PARTIES AND UNFAIRLY DENIED DEFENDANT'S REQUEST WITHOUT FURTHER INQUIRIES AND NOT ADDITIONAL INFORMATION REQUESTED FROM EITHER PARTY THE TRIAL [JUDGE]

4

DENIED DEFENDANT ANOTHER FAIR DECISION.

POINT V
THE TRIAL [JUDGE] ERRED IN NOT GRANTING RELIEF TO DEFENDANT'S REQUESTS OF HAVING PLAINTIFF PAY OFF AND/OR TRANSFER TO HER OWN ACCOUNTS ANY PARTS OF HER DEBT STILL CARRIED BY DEFENDANT'S ACCOUNTS TO THE PRESENT TOGETHER WITH ADDITIONAL DELINQUENCIES CAUSED BY PLAINTIFF ON HIS ACCOUNTS/CREDIT AS WELL AS JOINT ACCOUNTS FOR WHICH PLAINTIFF IS RESPONSIBLE FOR PAYMENTS (AS SET IN 10/10/06 FINAL DIVORCE JUDGMENT[)], INCLUDING THE MORTGAGE AND HOME EQUITY JOINT ACCOUNTS[.] THE TRIAL [JUDGE] MADE NO MENTION OF THOSE REQUESTS BUT DENIED ALL OF THEM WITHOUT SPECIFIC REFERENCE [] AND/OR ANY REASONING. THAT GENERAL DENIAL OF ALL ISSUES NOT MENTIONED IN THE ORDER (PA 2A/PARAGRAPH 8) ALSO DENIED SEVERAL REQUESTS BY . . . DEFENDANT EVEN MINOR SUCH AS WAS THE ISSUE OF PLAINTIFF CONTINUING TO USE DEFENDANT'S LAST NAME [ELEVEN] YEARS AFTER THEIR DIVORCE AGAINST DEFENDANT'S WILL WHICH ALSO REMAINED UNANSWERED AND/OR REJECTED[,] TOO.

We conclude that these contentions lack sufficient merit to warrant attention in a written opinion, Rule 2:11-3(e)(1)(E), and affirm substantially for the reasons given by the judge. We add the following remarks.

We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 413 (1998). Thus, we "should uphold the factual findings undergirding the trial [judge]'s decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). And, while we do not owe any special deference to the judge's legal conclusions, Manalapan Realty LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we

> "should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.
>
> [Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

Defendant claims that in 2008 and 2009, he borrowed $86,115 from his parents to fund a business, but because the parties were faced with potentially losing the marital home, they agreed that plaintiff could borrow the money from defendant and use it to avoid foreclosure. Defendant claims that this was an oral

A-5492-16T4

agreement and that plaintiff has "destroyed/hidden" written copies. The judge said, "there has been no demonstration by . . . defendant that in fact there was a loan obligation. There's nothing in writing that would indicate the requirement for money to be paid from . . . plaintiff[] to defendant . . . ."

Defendant did not offer any credible proof to the judge or to this court that would evince an agreement between the parties as to plaintiff's intention to repay defendant, or that this was a loan. Moreover, defendant alleges that this transaction occurred while the parties were co-habiting in the marital home. Thus, it would seem as though both parties elected to use the funds toward this purpose so that the home would not be foreclosed. Because of the deferential standard of review involving family matters, we have no reason to disturb the judge's findings or conclusions.

Defendant claims that he is entitled to the retroactive interest that would have accrued on an account that plaintiff should have set up for defendant as per the FJOD. The judge said:

> Request for reimbursement for equity of former marital residence under paragraph 7.1 of the parties['] final judgment of divorce will be granted in part. [Paragraph] 7.2 of the final judgment of divorce indicates . . . that . . . once . . . plaintiff is provided with a deed . . . transferring [defendant's] interest to . . . plaintiff[,] then [plaintiff] is to provide [defendant] with a recorded mortgage for $68,430.50 which

7

represents the negotiated equity of . . . defendant, at the time of final judgment of divorce.

And so [plaintiff] is to provide proof of that recorded mortgage to [defendant] . . . by July 15[].

Defendant claims that plaintiff still has not provided proof of having recorded the mortgage. Section 7 of the FJOD, which deals with the marital home and the mortgage, does not make any mention whatsoever of the interest that would have accrued on defendant's account if plaintiff had set up such an account years earlier. The judge correctly granted in part defendant's request that plaintiff provide defendant with proof of the recorded mortgage.

Defendant contends that he and plaintiff never "divided their belongings after the divorce," and thus plaintiff retained personal items that belonged to defendant and never returned them. The judge said, "[t]his is a divorce that was finalized almost [eleven] years ago. . . . [E]ssentially any request for this type of recovery of personal property is grossly untimely at this point."

Defendant argues that the judge misinterpreted the time frame – instead of assuming that defendant waited eleven years before bringing his claims, defendant asserts that he only waited six years since 2011 – the date when the parties no longer co-habited. Thus, he feels that this is not "grossly untimely" and falls within the six-year statute of limitations "for taking, detaining, or

converting personal property." N.J.S.A. 2A:14-1. Yet, he provides no support for why this should be the governing date.

As to defendant's request to terminate his child support obligations and emancipate his two children, the judge stated that "[n]o sufficient information [was] provided to the [c]ourt that would grant" this request. In the FJOD, defendant was ordered to pay $500 per month in child support, commencing in 2008. Because defendant did not file the proper motions, the judge properly declined to consider defendant's requests, and we do not find an abuse of discretion warranting a reversal.

Defendant additionally claims that plaintiff has outstanding credit card debt in defendant's name, thus impacting his financial credit score. But again, he has not provided proof of such debt and claims that all agreements between the parties were oral. As to living expenses, the judge denied this request stating that there is "no basis in law for such a request." In the FJOD, both parties knowingly waived any rights to alimony "now and forever," and agreed that such a waiver is "non-modifiable for any reason whatsoever." In his brief, defendant

claims that this was a misstatement and alleges that he sought "legal," not "living" expenses.[1]

A Family Part judge may award counsel fees at his or her discretion subject to the provisions of Rule 4:42-9, and should consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

A judge "shall consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party." N.J.S.A. 2A:34-23. Application of these factors and the decision to award fees is within the trial judge's discretion. Gotlib v. Gotlib, 399 N.J. Super. 295, 314-15 (App.

---

[1] Yet in the addendum to his complaint, defendant wrote that he seeks: "Immediate [r]elief/[e]mergency [a]ssistance . . . for all his recent/current living expenses including (and not only), his rent . . . his food/living expenses[,] etc. [through] partial money reimbursement and/or possible immediate accommodation requested for part of their residence (suggesting basement) if it can be agreed/allowed by [p]laintiff."

Div. 2008). That is, an "award of counsel fees in matrimonial actions is discretionary with the trial [judge], [Rule] 4:42-9(a)(1), and an exercise thereof will not be disturbed in the absence of a showing of abuse." Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970).

Here, the judge did not address attorney's fees. Although the judge did not address the issue of fees directly, he found defendant's positions meritless. Furthermore, the Rule 5:3-5(c) factors require a judge to consider "the reasonableness and good faith of the positions advanced by the parties" as one of several factors, and as it was implicit that the judge found defendant's positions meritless, this is an additional reason why attorney's fees were unwarranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5492-16T4