**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3503-22

LOURDY JORDONNE,

    Plaintiff-Appellant,

v.

LUCIEN SAINT LOUIS,

    Defendant-Respondent.

_____

Submitted April 29, 2024 – Decided July 16, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-0516-22.

Robert Brotman, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Plaintiff appeals from two orders of the Family Part in this matrimonial matter: (1) the March 31, 2023 order invalidating the parties' settlement

agreement and dismissing their pleadings; and (2) the May 26, 2023 order denying plaintiff's motion for reconsideration. We vacate both orders and remand for further proceedings.

## I.

The parties were married in 2008 and have no children together. On September 13, 2021, plaintiff filed a complaint in the Family Part seeking a divorce from defendant. After defendant filed an answer and counterclaims, the parties exchanged discovery requests. Neither party formally responded to those requests.

Instead, the parties exchanged case information statements, tax returns, current wage statements, early settlement panel (ESP) case profiles, and an appraisal of a multi-family house owned by defendant. Although the parties were unable to reach a settlement in the ESP, they subsequently agreed to participate in economic mediation.

The mediation resulted in a signed settlement agreement dated November 10, 2022. The agreement provided: (1) defendant will pay lump-sum alimony of $50,000 in two payments; (2) the funds in the parties' bank accounts as of the date of the filing of the complaint will be divided equally; (3) the equity in the house owned by defendant will be divided equally either through a sale or

defendant's purchase of plaintiff's interest within one year. The parties acknowledged that division of the equity in the house, and payment of a portion of the lump-sum alimony would likely be delayed pending resolution of an insurance claim in excess of $200,000 relating to the property.

Prior to mediation, plaintiff's counsel subpoenaed bank records relating to the couple's accounts. The records for one account were not produced until after the parties had signed the settlement agreement. According to plaintiff, those records established that a Wells Fargo account had a balance of $106,134.88 two days before she filed the complaint. Within a month of service of the complaint, defendant withdrew $90,000 from the account. He made further withdrawals from that account and another account in the following months, ultimately removing more than ninety percent of what had been on deposit just before the complaint was filed.

On February 5, 2023, plaintiff moved for an order: (1) scheduling a plenary hearing to address modifying or reforming the settlement agreement to address defendant's bad faith removal of assets subject to equitable distribution and alleged fraudulent activity; (2) requiring defendant to restore the funds he removed from the bank accounts; (3) mandating defendant make the lump-sum alimony payment immediately; (4) invalidating certain provisions of the

settlement agreement deferring defendant's obligation to make payments; and (5) scheduling a plenary hearing with respect to the insurance claim.

Defendant opposed the motion and cross-moved for an order incorporating the settlement agreement into a final judgment of divorce (JOD) or, in the alternative, to hold a hearing to determine whether the agreement should be invalidated.

On March 31, 2023, the family court issued an oral opinion denying the parties' motions and dismissing the pleadings. The court concluded the settlement agreement was invalid because the parties had not exchanged discovery responses before executing the agreement. The court stated:

> No one moved to enforce discovery. No one moved to dismiss any pleadings for the discovery. . . .
>
> The parties went to . . . mediation . . . and apparently, were able to hammer out this agreement that everyone acknowledges was signed.
>
> How you settle a case without knowing what the issues are from doing orderly discovery, I will – there's no possible way that could be the case. So, under these circumstances, as soon as anyone comes in and says, "I didn't know what I was signing; I wasn't . . . fully apprised of what was available for distribution," there's no possible way this [c]ourt could ever find that the agreement was knowingly and voluntarily entered into with a full understanding of [that] person's rights and responsibilities. So, there's no possible way this [c]ourt can . . . enforce that agreement.

Although no party had requested dismissal of the pleadings, the court then concluded:

> So, now, we're left with a year-and-a-half old case, where no one has done what they are supposed to do. And basically, you would have to start over again.
>
> . . . I'm not willing to do that. I don't think it's fair to the court. I will provide that the date of – for equitable distribution and alimony would be September 22, 2021. In all other respects, the pleadings in this case are dismissed. If you want to come back to me and you have an agreement that everyone is going to say was knowing and voluntarily (sic), I'll reinstate these pleadings. Otherwise, you can start over again by filing a new complaint.

A March 31, 2023 order memorializes the court's decision.

Plaintiff thereafter moved for reconsideration. She argued that the court erred when it: (1) failed to making findings of fact and conclusions of law regarding the parties' knowing and voluntary assent to the settlement agreement; (2) predicated the validity of the agreement on the parties having not responded to discovery requests; (3) failed to follow Rule 4:23-5 before dismissing the pleadings for failure to respond to discovery; (4) found the settlement agreement invalid rather than reformed the agreement pursuant to its equitable authority; (5) failed to fashion an equitable remedy based on defendant's fraudulent conduct; and (6) incorrectly found that the equitable distribution date was

5

September 22, 2021, rather than September 13, 2021.  Defendant opposed the motion.

On May 25, 2023, the court issued a written opinion denying plaintiff's motion, except with respect to correcting the equitable distribution date.  The court found no basis on which to reconsider its prior decision and clarified that it dismissed the pleadings pursuant to "its equitable discretion," and not Rule 4:23-5.  A May 26, 2023 order memorializes the court's decision.

This appeal followed.  Plaintiff argues the family court: (1) erred when it invalidated the settlement agreement because the parties exchanged financial information sufficient to make an informed decision to accept the agreement, which was fair and equitable; (2) erred by failing to remedy defendant's fraudulent behavior; (3) failed to issue sufficient findings of fact and conclusions of law explaining it decisions; (4) erred by not holding an evidentiary hearing to resolve disputed issues of fact; and (5) committed plain error when it dismissed the pleadings on its own initiative based on the parties' failure to respond to discovery requests.

6

II.

Generally, our review of Family Part orders is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  Given the court's "special expertise in the field of domestic relations," substantial deference is owed to its factual findings so long as they are supported by "adequate, substantial, [and] credible evidence."  Id. at 412.  "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles, or made findings inconsistent with or unsupported by competent evidence."  Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004).  The family court's legal conclusions are reviewed de novo.  Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

The settlement of matrimonial disputes is encouraged and highly valued in our court system.  Quinn v. Quinn, 225 N.J. 34, 44 (2016).  "The basic contractual nature of matrimonial agreements has long been recognized."  Pacifico v. Pacifico, 190 N.J. 258, 265 (2007) (citing Harrington v. Harrington, 281 N.J. Super. 39, 46 (App. Div. 1995)).  A settlement agreement becomes an enforceable contract when the parties agree on and manifest their intent to be bound by the essential terms of the agreement.  See Hagrish v. Olson, 254 N.J. Super. 133, 138 (App. Div. 1992).  A mediated settlement, like other contracts,

A-3503-22

must be knowingly and voluntarily reached. Minkowitz v. Israeli, 433 N.J. Super. 111, 139 (App. Div. 2013).

"As a general rule, courts should enforce contracts as the parties intended. Similarly, it is a basic rule of contractual interpretation that a court must discern and implement the common intention of the parties." Pacifico, 190 N.J. at 266 (citations omitted). "The court's role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the 'expressed general purpose.'" Ibid. (quoting Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302 (1953)).

"'Agreements between separated spouses executed voluntarily and understandingly for the purpose of settling the issue of [alimony and child support] are specifically enforceable, but only to the extent that they are just and equitable.'" Quinn, 225 N.J. at 48 (quoting Berkowitz v. Berkowitz, 55 N.J. 564, 569 (1970)) (alteration in original). "[S]uch agreements are subject to judicial supervision and enforcement." Ibid. "A court of equity will enforce a contract between [spouses] if it is not unconscionable to do so and if the performance to be compelled is not contrary to public policy." Minkin v. Minkin, 180 N.J. Super. 260, 262 (Ch. Div. 1981) (citations omitted). A contract will be held unenforceable if it was "procured by fraud or falsehood," or if such enforcement

would produce "great hardship or manifest injustice." Schiff v. Schiff, 116 N.J. Super. 546, 561 (App. Div. 1971).

In addition, Rule 1:7-4(a) states that a court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." "The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2024).

We have carefully reviewed the record and conclude that the court erred when it invalidated the settlement agreement based solely on the parties' failure to respond to discovery requests. Neither party requested that relief. Plaintiff sought an order enforcing or modifying the agreement. Defendant asked the court to incorporate the agreement into a JOD or, in the alternative, for a hearing to determine if the agreement was enforceable.

In addition, the court made no findings of fact with respect to whether the parties, who exchanged financial information prior to engaging in mediation, knowingly and voluntarily entered into the agreement. Plaintiff acknowledges that her counsel did not have all the bank records relating to the parties' accounts when the agreement was executed. She argues, however, that she had sufficient

9

information, both from records produced by defendant prior to mediation and her knowledge of the couple's finances over a fourteen-year marriage, to knowingly and voluntarily sign the agreement. The family court did not address these contentions, instead summarily deciding that because of the parties' failure to respond to discovery requests there was "no possible way" the settlement agreement could be enforceable. We are aware of no requirement that parties in a matrimonial action must formally respond to discovery requests before they may enter into a settlement agreement.

The issues essential to determining the validity of a matrimonial settlement agreement are whether the parties knowingly and voluntarily entered into the agreement and whether its terms are fair and equitable. The family court did not make findings of fact and conclusions of law on either of those questions. In addition, the court did not resolve plaintiff's allegations that defendant engaged in fraudulent activity warranting modification of portions of the agreement or other remedial action. Plaintiff's motion and defendant's cross-motion raised disputed issues of material fact that require an evidentiary hearing.

In light of these conclusions, we vacate the March 31, 2023 order to the extent it invalidates the settlement agreement and remand for an evidentiary

hearing on the plaintiff's February 5, 2023 motion and defendant's subsequent cross-motion. We offer no views with respect to the outcome of those motions.

With respect to the remainder of the March 31, 2023 order, we review a court's decision whether to reinstate or dismiss a complaint under an abuse of discretion standard. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008); Abtrax Pharms., Inc., v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). "[B]ecause dismissal with prejudice is 'the ultimate sanction,' it should be imposed 'only sparingly' and 'normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party.'" Salazar v. MKGC + Design, 458 N.J. Super. 551, 561-62 (App. Div. 2019) (quoting Robertet Flavors, Inc. v. Tri-Form Constr. Inc., 203 N.J. 252, 274 (2010)).

We conclude that the family court mistakenly exercised its discretion when it dismissed the pleadings. The court relied on its equitable discretion based on the parties' failure to respond to discovery requests. The court, however, made no findings of fact or conclusions of law addressing the circumstances surrounding their failure to respond. After discovery requests were served, the parties exchanged financial information and reached a settlement. These developments are a readily apparent explanation for their

11

failure to formally respond to the discovery requests. The record contains no indication that either party demanded formal responses to their discovery requests, put the opposing party on notice that they would seek dismissal of their pleadings if such responses were not forthcoming, or ever sought such drastic relief.

Nor did the family court explore alternatives to dismissal of the pleadings. Given that the parties exchanged financial information prior to the mediation, it would be reasonable to conclude that they could provide formal discovery responses in a relatively short period in the event the court does not enforce or modify the settlement agreement. This alternative would be preferable to dismissing the pleadings and suggesting one of the parties file a new complaint for divorce. Thus, in the event the court determines, after the evidentiary hearing, that the settlement agreement cannot be enforced or modified, the pleadings shall be restored and the matter shall proceed to discovery.

Because we vacate the March 31, 2023 order, we also vacate the May 26, 2023 order denying plaintiff's motion for reconsideration.

The orders are vacated and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12