**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2135-22

R.Y.,

    Plaintiff-Appellant,

v.

H.I.,

    Defendant-Respondent.

_____

> Argued April 8, 2024 – Decided August 7, 2024
>
> Before Judges Gilson and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1015-19.
>
> R.Y., appellant, argued the cause pro se.
>
> Karin Duchin Haber argued the cause for respondent (Haber Silver & Russoniello, attorneys; Karin Duchin Haber, of counsel; Lauren E. Sharp, on the brief).

PER CURIAM

Plaintiff R.Y. appeals from two orders of the Family Part: (1) a provision of an October 19, 2022 amended order finding that he acted in bad faith when he moved to reject or modify the decision of a parenting coordinator (PC); and (2) a February 6, 2023 order awarding defendant H.I. $10,632.50 in attorney fees. We vacate the provision of the October 19, 2022 amended order finding defendant acted in bad faith, and reverse the February 3, 2023 order.[1]

I.

The parties were married in 2012. They have two sons who are minors.

Plaintiff filed for divorce in 2018. Defendant filed a counterclaim for divorce shortly thereafter. The parties resolved their claims with three agreements: (1) a February 27, 2019 consent judgment fixing custody and parenting time; (2) an agreement concerning child support and related expenses; and (3) a property settlement agreement (PSA). In August 2021, the court entered a dual judgment of divorce incorporating the terms of the child support agreement and the PSA.

According to the February 27, 2019 consent judgment, the parties agreed to joint legal and residential custody. They also agreed to a parenting schedule.

---

[1] We use initials to protect the confidentiality of the record. R. 1:38-3(d)(1) and (13).

Defendant has parenting time on Mondays and Tuesdays and plaintiff has parenting time on Wednesdays and Thursdays. The parties alternate weekend parenting time.

The parties also agreed to select a PC "who shall assist the parties should a dispute arise with respect to a particular parenting issue that the parties are unable to resolve on their own." They also agreed that "[i]f the [PC] cannot foster an agreement between the parties regarding a certain issue, the [PC] may make binding recommendations."

Plaintiff is Hindu and defendant is Jewish. Defendant has raised the children in accordance with her faith, while plaintiff is educating the children in the Hindu religion. The parties' custody agreement provides that they will confer with each other with respect to the children's religious training and act in the best interests of the children.

In May 2022, defendant enrolled her older son in Hebrew school during plaintiff's parenting time every Wednesday from 4:00 p.m. to 6:00 p.m. Plaintiff objected to this arrangement, stating that if his son arrives in his custody at 6:30 p.m. on Wednesdays, he will lose two-and-a-half hours with him each week and there will be little time after homework and dinner for meditation, a component of Hinduism. Plaintiff considers meditation religious training.

The parties discussed swapping weekday parenting time, but plaintiff's work obligations prevent him from having the children on Mondays and Tuesdays. His employer is in Boston, where executives are present in the office on Mondays and Tuesdays for in-person meetings he sometimes must attend. Plaintiff suggested defendant enroll their son in Hebrew school at a different synagogue than the one she and the children attend, which offers that training on defendant's parenting days. He also suggested defendant hire a tutor to provide the training on her parenting days.

The parties submitted the issue to the PC. She recommended that the older son attend Hebrew school on Wednesdays and that plaintiff either: (1) agree to switch midweek parenting days with defendant; or (2) receive as compensation for the lost time on Wednesdays two additional days of vacation time with the children during the summer. The coordinator noted that attendance at Hebrew school was necessary for the son to have his Bar Mitzvah, a significant milestone in the Jewish faith.

Plaintiff did not accept the PC's recommendation. He moved before the family court for an order: (1) restraining both parties from scheduling religious training for the children during the other parties' parenting time; (2) permitting plaintiff to swap mid-week parenting days when able to do so in the event the

4

court directs that the older son attend Hebrew school on Wednesdays; and (3) allowing plaintiff hour-for-hour makeup time in the same month that the older son attends Hebrew school on Wednesdays without a mid-day parenting time swap. He argued that: (1) the PC's recommendation would require him to wait many months for makeup time with his son; (2) he is entitled to two weeks of vacation time and may not be able to use two additional vacation days in the summer; and (3) lost afternoon time on Wednesdays would not be adequately compensated by the overnight hours during the two additional vacation days.

Defendant opposed the motion and cross-moved for an order enforcing the PC's recommendation. She argued that pursuant to the parenting and custody agreement, the PC's recommendation was binding and insulated from judicial review, unless the PC acted outside her authority. Defendant also argued that plaintiff's motion was filed in bad faith and that he should be responsible for the entire cost of the PC and defendant's attorney's fees.

On October 7, 2021, the family court issued an oral opinion. The court found it had the authority to review the recommendation of the PC to determine if the recommendation was in the best interests of the children. On the merits, the court found that it would be in the best interests of the older child to have the religious training required for his Bar Mitzvah at the synagogue he has been

regularly attending since before the parties' divorce. The court found that the synagogue offers the required religious training only on Wednesdays, that defendant did not select that day, and there was no intent on her part to interfere with plaintiff's parenting time.

The court rejected the suggestion that the child attend the training at a different synagogue on either Mondays or Tuesdays to coordinate with defendant's parenting time, given that the suggested alternative synagogue practices a different branch of Judaism than does defendant. In addition, the court found that it was in the child's best interests to attend religious training with his friends and in the community that reflects defendant's values, rather than being isolated at a synagogue with which he and defendant are not familiar.

Thus, the court ordered that the older child may attend Hebrew school on Wednesdays and that plaintiff would receive time in the summer to compensate for the two hours of parenting time he loses each week. The court directed that the total compensating time plaintiff receives in summer represents the number of waking hours equal to the hours lost on Wednesdays. Thus, the court rejected the PC's recommendation that compensating time be two days during the summer because those forty-eight hours would include overnight hours.

A-2135-22

With respect to defendant's request for an award of counsel fees, the court

found:

> I believe that the . . . [p]laintiff's application in this case was made in bad faith. The kids . . . have activities with everything else. They're able to work that out even . . . though they need a PC, but the children have activities.
>
> The issue was the religion. The issue was not the fact that he may lose two hours. It clearly was made in bad faith. There is nothing here that says that . . . any other activity could be . . . that the kids couldn't participate in any other activity because it was on his time.
>
> I think it goes to the issue of counsel fees and costs. I am going to . . . I mean, the [p]laintiff clearly has the ability to pay in this case. Both parties could pay their counsel fees, but . . . the [p]laintiff has a superior earning capacity than the [d]efendant.
>
> . . . .
>
> The parties . . . contractually agreed to have a [PC] assist them in making decisions, whether it was binding or not. There was . . . a very reasonable solution, either switch days or take the time in the summer.
>
> . . . .
>
> His resolution, the only resolution he wanted is that the children couldn't go to . . . the Hebrew school to make their Bar Mitzvah. I think that was made in bad faith.

7

> So, I am going to order counsel fees and costs for the necessity of filing the response . . . in this case.[2]

On October 19, 2021, the family court entered an amended order finding plaintiff acted in bad faith when he filed his motion, denying his motion, and memorializing the court's decision with respect to Hebrew school and providing makeup parenting time for plaintiff. The court directed defendant to submit a certification of services for the attorney's fees award.[3]

On February 6, 2023, the family court entered an order awarding defendant $10,632.50 in attorney's fees.

This appeal followed. Plaintiff argues the family court erred: (1) by finding that he acted in bad faith, despite granting him relief; (2) by finding that his attempt to prevent infringement on his religious training of his son during his parenting time constituted bad faith; and (3) by awarding $10,632.50 in attorney's fees to defendant based on the finding of bad faith.

---

[2] Although the motions concerned only the older son, the court's decision refers to the best interests of the children and indicates that both children can attend Hebrew school on Wednesdays. It appears that the court and the parties presumed that the younger son would also attend Hebrew school when he turns eight in preparation for his Bar Mitzvah.

[3] The court entered an order on October 7, 2022, finding plaintiff in violation of litigant's rights. It appears that the reference to violating litigant's rights was a typographical error that was corrected in the October 19, 2022 amended order.

II.

The decision to award "attorney's fees rests within the sound discretion of the trial court." Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)); accord Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Although New Jersey generally disfavors the shifting of attorney's fees, a prevailing party may recover attorney's fees if expressly provided by statute, court rule, or contract. Collier, 167 N.J. at 440 (citing North Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999) and Dep't of Env't Prot. v. Ventron Corp., 94 N.J. 473, 504 (1983)). A Family Part judge may award counsel fees at his or her discretion subject to the provision of Rule 4:42-9. In determining the award, the judge should consider:

(1)    the financial circumstances of the parties;

(2)    the ability of the parties to pay their own fees or to contribute to the fees of the other party;

(3)    the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;

(4)    the extent of the fees incurred by both parties;

(5)    any fees previously awarded;

(6)    the amount of fees previously paid to counsel by each party;

(7)    the results obtained;

(8)    the degree to which fees were incurred to enforce existing orders or to compel discovery; and

(9)    any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

A judge "shall consider the factors set forth in [Rule 5:3-5(c)], the financial circumstances of the parties, and the good or bad faith of either party." N.J.S.A. 2A:34-23.

We have carefully considered the record and conclude that the family court mistakenly exercised its discretion when it found plaintiff to have acted in bad faith. As plaintiff notes, the family part awarded him relief on his motion. First, the court agreed with plaintiff's argument that he was entitled to seek

10

judicial review of the PC's recommendation, rejecting defendant's argument to the contrary. Second, plaintiff argued that the PC's recommendation that he receive two days in the summer as compensation for his parenting time loss was inadequate because the two days included overnight time when the children would be sleeping. The family court agreed with that argument and directed that plaintiff be provided hour-for-hour of waking time as compensation for the loss of parenting time. It is difficult to square a finding of bad faith with the relief granted to plaintiff by the family court.

Moreover, the family court's finding of bad faith was based on the erroneous finding that "the only resolution [plaintiff] wanted is that the children couldn't go to . . . Hebrew school to make their Bar Mitzvah." That finding is not supported by the record. Plaintiff did not object to the older child attending Hebrew school. His objection was to the child having that religious training during his parenting time, which, according to plaintiff's unrebutted certification, would interfere with his ability to train his son on the Hindu practice of meditation.

Contrary to the court's finding, plaintiff suggested that defendant enroll the child in Hebrew school at a synagogue that offered training on the defendant's parenting days or that she retain a tutor for the child's training.

11

Although the court ultimately found that those options were not in the child's best interests, nothing in the record suggests that they were not a good faith attempt by plaintiff to resolve the issue without having to alter the parenting schedule to which the parties agreed, and which permitted plaintiff to travel to Boston on Mondays and Tuesdays for work-related meetings.

Defendant agreed to Mondays and Tuesdays as her parenting days. She subsequently unilaterally scheduled the child for religious training in her faith on one of plaintiff's parenting days. It is understandable that defendant would seek an accommodation from plaintiff to the intrusion on his parenting time, given that her synagogue offered the training only on Wednesdays. Plaintiff, however, does not have an obligation to agree to every request defendant makes to depart from the agreed upon parenting schedule. He raised a reasonable argument that the two-hour delay in starting his parenting time on Wednesdays would interfere with his training his son in Hindu meditation. While plaintiff's position was rejected by the family court, which formulated relief that protects the best interests of the child, a finding of bad faith is not supported by the record.

The first numbered paragraph of the October 19, 2022 amended order is vacated to the extent that it found plaintiff acted in bad faith, the remainder of

the paragraph is not before the court. Because the family court's finding of bad faith has been vacated, the February 6, 2023 order awarding attorney's fees, which is predicated on the finding of bad faith, is reversed.

Vacated in part and reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2135-22