**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3795-23

THE LAW OFFICE OF
RAJEH A. SAADEH, LLC,

     Plaintiff-Appellant,

v.

EVENS ROZIER,

     Defendant-Respondent.

_____

Submitted May 19, 2025 – Decided June 19, 2025

Before Judges Sabatino and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-002956-24.

Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Cynthia L. Dubell, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this collection action, plaintiff Law Office of Rajeh A. Saadeh, LLC, appeals from a portion of a Special Civil Part default judgment and order entered in its favor and against defendant Evens Rozier. In a comprehensive statement of reasons, the trial judge entered an order not only awarding damages for the outstanding amount due to plaintiff, but also reducing plaintiff's requested attorney fee award, finding that several of the requested charges were unreasonable. We affirm.

I.

The material facts are not disputed. Defendant hired plaintiff to represent him in a divorce matter and executed a retainer agreement. In pertinent part, it read:

> If our professional relationship ends, we will assert a lien on any amounts recovered by you in settlement or adjudication of your case for the amount you owe. This does not foreclose us from exercising any other rights we have at law or in equity to collect or secure our fee. If we utilize any legal process to collect any amount outstanding, we will be entitled to recover the costs of collection, including for professional time expended by attorneys in and outside of The Law Office of Rajeh A. Saadeh, L.L.C., and reasonable expenses, including but not limited to court, service, and execution costs.

Defendant failed to pay several invoices and owed plaintiff $1,771.75. After sending a fee arbitration pre-action notice to defendant, plaintiff asserted

A-3795-23

a charging lien in the Family Part "FM" docket type to secure payment of fees against any assets subject to equitable distribution. Plaintiff sued defendant in the Special Civil Part for the outstanding fees, costs of collection, and attorney fees associated with collecting its fee. Default was then entered against defendant.

Plaintiff sought a default judgment to recover an aggregate claimed sum of $5,294.75. This sum consisted of $1,771.75 for the unpaid fees, $157 in filing and service fees, and attorney's fees totaling $3,366 which included $720 in anticipated fees. Within the attorney fee calculation, "collection efforts" were detailed, comprised of seven hours for filing a lien in the FM docket, a generalized five percent fee for copying and printing costs, and two hours for "anticipated" tasks which included the possibility of reviewing emails and opposition documents.

After reviewing the supporting documentation in the unopposed motion, the trial judge, in a comprehensive statement of reasons, held defendant liable for the $1,771.75 related to plaintiff's representation of defendant in the FM matter and $107 in costs. The trial court, however, disallowed $50 on the requested charging lien motion filing fee and reduced the attorney fees from $3,366 sought to $1,620.

A-3795-23

Relying on <u>Rendine v. Pantzer</u>,[1] the judge concluded that the attorney's $360 per hour billing rate was "reasonable and similar to rates charged in the locality" and was calculated "according to the 'prevailing market rates in the relevant community.'" The judge denied billing entries on the attorney's certification related to the FM docket charging lien because it was unrelated to the Special Civil Part docket. Similarly, the judge struck entries such as "[f]ile review/strategy planning" as vague, and another "[r]ead [c]ourt email; [r]etriev[ing] notice of summons mailed and default date from eCourts; [i]nstruct staff" as clerical in nature. The judge also concluded that the five percent expense charge was unreasonable and similarly found that plantiff was not entitled to anticipatory legal fees in an unopposed motion for final default judgment. Ultimately, the court reduced the attorney fees for collection to $1,620, concluding this modified sum "represent[ed] the court's determination of the reasonable number of hours [p]laintiff's attorney expended for each task related to this action multiplied by the reasonable hourly rate for the attorney who performed the task."

Plaintiff appeals from this decision.

---

[1] 141 N.J. 292, 337 (1995).

II.

Our review of a trial court's decision to award attorney fees is deferential. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016). Trial court determinations on attorney fee awards are only disturbed "'on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). As such, an award of fees will not be modified unless the trial court mistakenly exercises its discretion. Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970). Where case law, statutes, and rules are followed and the judge makes appropriate findings of fact, the fee award is entitled to substantial deference. Yueh v. Yueh, 329 N.J. Super. 447, 466, (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2025).

We are satisfied the trial court's written statement of reasons provided ample basis for the court's determination. See Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019); Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 304 (App. Div. 2021). Based on our deferential review, we are convinced the court fairly and meticulously analyzed plaintiff's certification of attorney services. The record shows the court considered the

5

difficulty of the matter, the skill required, and the results obtained. The ultimate amount represents the court's determination of the reasonable number of hours expended by the reasonable hourly rate for the attorney who performed the task, with pertinent deductions that the court sufficiently justified and explained. There is no proven "clear abuse of discretion." <u>Litton</u>, 200 N.J. at 386. We therefore discern no error in the trial court's award of modified attorney fees and disbursements to plaintiff.

To the extent we have not addressed any of plaintiff's remaining contentions, we conclude they are without sufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3795-23