**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3062-22

BARBARA A. HOPKINS,

    Plaintiff-Respondent,

v.

JOHN J. HOPKINS, III,

    Defendant-Appellant.

_____

        Submitted December 3, 2024 – Decided December 16, 2024

        Before Judges Firko and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1904-13.

        John J. Hopkins, III, appellant pro se.

        Laufer, Dalena, Jensen, Bradley & Doran, LLC, attorneys for respondent (Alyssa M. Clemente, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, defendant John J. Hopkins, III, appeals from two orders: (1) a June 9, 2023, order denying his motion to reconsider the summary dismissal of a motion to emancipate and terminate child support, recalculate past child support, and order a Qualified Domestic Relations Order (QDRO) on retirement accounts; and (2) a June 14, 2023, order denying emergent relief by way of an order to show cause (OTSC) and awarding counsel fees to plaintiff Barbara A. Hopkins. We affirm.

I.

The factual and procedural chronology are set forth in this court's unpublished opinion entered on December 26, 2017. We incorporate by reference, the facts and procedural chronology stated in our prior opinion. See Hopkins v. Hopkins, No. A-5338-14 (App. Div. Dec. 26, 2017). We provide the following pertinent information to give context to this appeal.

On May 18, 2015, the parties were divorced after a twenty-two-year marriage. They have three children together born in 1996, 1998, and 2001. Plaintiff has an undergraduate degree in public accounting and a graduate degree in taxation. Defendant is an attorney with a law practice in Monmouth County for over twenty years and is a certified public accountant.

A-3062-22

In May 2013, plaintiff filed a complaint for divorce. Three months later, defendant filed an answer and counterclaim for divorce. On April 4, 2014, the judge struck defendant's pleadings without prejudice due to his failure to comply with discovery requests and failure to allow the joint financial expert to complete a business evaluation of his law practice. The judge also ordered defendant to pay plaintiff's share of mediation fees and awarded $2,500.00 towards her counsel fees due to defendant's failure to act in good faith in the mediation process. On June 10, 2014, a memorializing order was entered.

On August 1, 2014, the judge denied defendant's motion to reinstate his pleadings due to his failure to comply with the joint expert's requirements. The judge also denied defendant's motion to change venue. On September 16, 2014, we denied defendant's motion for leave to appeal, for a stay, for a change of venue, and to reinstate his pleadings.

On October 10, 2014, the judge denied defendant's motion to reinstate his pleadings on the basis he failed to comply with plaintiff's discovery requests, failed to comply with the financial expert's requests for documents, and provide a signed retainer agreement. The judge ordered defendant to comply with the outstanding factual and expert discovery demands, sign the financial expert's

retainer agreement, submit a letter to the judge certifying that he had complied with all discovery requests, and awarded plaintiff $1,500.00 in counsel fees.

On January 16, 2015, the judge denied defendant's motion to reinstate his pleadings because he still had not complied with the court's order. A default hearing was scheduled and held over several days, with defendant limited to cross-examination. Relevant to the matter under review, plaintiff testified that she worked for CNA Insurance Company (CNA), when the parties got married in 1991, and she continued to work for CNA until April 1999, when she became employed by Global Risk Consultants. Plaintiff proposed that her "small pension with CNA" be split "50/50[,]" and defendant be allowed to retain his retirement account.

On May 18, 2015, the judge rendered an oral decision and granted the parties a final judgment of divorce. On June 26, 2015, the judge issued an amended final judgment of divorce (AFJOD), which ordered, in pertinent part, that "[t]he marital portion of plaintiff's CNA pension shall be divided equally between the parties by way of [a QDRO]."

Post-divorce, the parties engaged in contentious motion practice. Plaintiff filed several motions to enforce litigant's rights based on defendant's non-

payment of child support, failure to cooperate with selling the former marital home, and provide necessary information to satisfy the terms of the AFJOD.

On April 9, 2021, following oral argument, the judge entered an order stating:

> The parties shall attend mediation to address the issues of: (1) modified child support, retroactive to March 29, 2021; (2) satisfaction of any amounts [defendant] was ordered to pay in the AFJOD that cannot be satisfied from his portion of the proceeds from the sale of the marital home, accounting for any potential required credits owed to [defendant] by [plaintiff]; (3) lump sum payment towards child support arrears, to the extent same cannot be satisfied in full from his portion of the proceeds from the sale of the marital home; and (4) counsel fees.

On August 31, 2021, the judge issued an order directing the former marital home be listed for sale immediately and finding defendant in violation of plaintiff's rights. The judge denied all relief sought by defendant, including defendant's request to deny plaintiff's motion, his request for plaintiff to provide complete answers to interrogatories, his request for penalties if plaintiff did not provide documents and interrogatories by a certain date, and for mediation of the issues. The judge stated, "[t]his court is again faced with an enforcement motion by plaintiff, due to defendant's delays and noncompliance since the issuance of the last [c]ourt [o]rder dated April 9, 2021." Further, the judge

5

issued an order requiring defendant to pay plaintiff counsel fees in the amount of $3,840.00.

On January 18, 2022, defendant filed a motion that was procedurally deficient. This motion is not contained in the record. On February 16, 2022, after defendant failed to cure the deficiencies, the motion was dismissed. On January 29, 2023, defendant filed two motions seeking: (1) to terminate his child support obligation, his arrears, and reconsider support arrears if plaintiff provides discovery, and (2) requesting a QDRO be prepared for retirement accounts.

On March 10, 2023, oral argument was held on defendant's motions. During the hearing, the judge held,

> Plaintiff's request requiring defendant to be solely responsible for the cost of any and all [the] fees associated with the QDRO implementation of C[N]A pension, including but not limited to the cost of [A]ll [P]ro QDRO is granted. . . . [D]efendant has had the ability through all of these eight years to submit the QDRO for the pension, he has failed to do that. He wants to do it now, he shall do it.

> . . . [P]laintiff's request sanctioning defendant in the amount of [$]2,500[.00] for his willful and intentional misrepresentations to the [c]ourt regarding the QDRO is denied without prejudice as is his request for the bench warrant if he fails to pay that amount. Plaintiff's request for counsel fees and cost associated with both cross[-]motions in the amount of $3,160[.00],

6

that is with regard to the child support, and the $2,514[.00] for the cross[-]motion. This [c]ourt grants that in part.

. . . .

The fees previously awarded, there were two prior occasions, on April 29th, 2021 counsel fees in the amount of $2,294[.00], that amount was added to the arrears. And on August 31st, 2021 counsel fees were awarded in the amount of $3,840[.00]. Those have not been paid.

. . . .

And any other factor bearing on the fairness of the award, this [c]ourt does find that the—the amounts submitted by counsel are fair and reasonable in— similar to the rate in which counsel similarly is situated in it[]s geographical area. So with regard to the fees and request for fees the fee amount of $3,160[.00], that was for the cross[-]motion to defend and enforce child support. This [c]ourt will add that amount to the arrears of child support.

With regard to the fees, that is $2,514[.00] for the cross[-] motion regarding the QDRO, at this time this [c]ourt does grant those fees after an assessment of the factors required by the [c]ourt . . . .

That same day, the judge entered an order granting plaintiff's request to require defendant to be solely responsible for the costs associated with the QDRO. Further, regarding counsel fees, the order stated,

Plaintiff's request for counsel fees and costs associated with both [c]ross-[m]otions, $3,160[.00] for the cross-

7

motion regarding child support and $2,514[.00] for the cross[-]motion regarding the QDRO, is GRANTED in part.  Plaintiff's counsel fees in the amount $3,160[.00] to be added to [d]efendant's child support arrears, and [p]laintiff's counsel fees in the amount of $2,514[.00] to be payable directly to [the law firm].

On May 2, 2023, defendant filed a "motion for reconsideration of dismissal of motion for a QDRO and to terminate support."  On June 9, 2023, oral argument was held by the judge.  Following argument, the judge found:

> . . . [W]ith regard to [defendants]' motion for reconsideration, this [c]ourt notes that a motion for reconsideration seeking to alter or amend a judgment or order is governed by . . . Rule 4:49-2.  Such an application shall be served not later than [twenty] days after service of the judgment or upon all parties by the party obtaining it.  The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the [c]ourt has overlooked or as to which it has erred.  And shall have annexed thereto a copy of the judgment or order sought to be reconsidered.
>
> . . . .
>
> This [c]ourt notes that the application by the, or rather the motion for reconsideration filed by [defendant] is deficient. The [c]ourt initially notes that the order in which he is seeking reconsideration of March 10th, 2023.  He filed this motion for reconsideration on May 2nd, that's [thirty-three] days out of time.  He doesn't give a reason why there's such an extension or why he failed to file it within time.  He

did not seek leave or even provide any good cause for the [c]ourt to consider it.

Further, in accordance with [c]ourt [r]ules, there's supposed to be, or there must be a proposed form of order submitted with the motion. That was not provided by [defendant]. Further, there's no brief in his motion for reconsideration to specify the facts, the law or whatever the [c]ourt must, may have overlooked.

And most significantly, again, this must be at least the third motion that [defendant] has filed with regard to child support. He has failed to file a case information statement [(CIS)] yet again.

For those reasons, this [c]ourt is constrained to deny [defendant's] motion in its entirety.

. . . .

Plaintiff's request enforcing paragraph [eleven] of the March 10th, 2023 order, and requiring defendant to pay counsel fees of $2,514[.00] directly to [the law firm] within seven days of this order is granted.

. . . .

And the last request, plaintiff's request for counsel fees and costs for this motion, this within application, is granted.

. . . .

Accordingly, this [c]ourt is going to grant the request for counsel fees and costs for the within application in the amount of $2,888[.00], which shall be paid to [plaintiff's law firm] within [thirty] days of the entry of this order.

On June 9, 2023, the judge issued an order: (1) denying defendant's motions; (2) granting plaintiff's request to emancipate the children as of May 18, 2023; (3) finding all child support arrears as of May 18, 2023 would remain in full force and effect; (4) awarding counsel fees of $2,514.00 as per the March 10, 2023 order; (5) for the issuance of a bench warrant for defendant's arrest if he did not pay counsel fees as per the March 10, 2023 order in seven days; and (6) awarding counsel fees of $2,888.00.

On July 7, 2023, defendant filed an amended notice of appeal from only the June 14, 2023 order. However, in the description section, defendant stated he was "[a]ppealing [o]rders on 3/10/23[1] and 6/14/23." On January 22, 2024, we denied defendant's motion for stay and stated,

> Defendant appeals from March [10], 2023 and June 9, 2023 Family Part orders. We deny defendant's motion for a stay because the record does not include any evidence he sought a stay in, or was denied a stay by, the trial court from any provision of the orders from which he appeals. The orders also make no provision concerning plaintiff's transfer of assets, making of payments, and, as such, defendant makes no showing a stay of the orders will affect plaintiff's authority to transfer assets and make payments. Defendant also otherwise makes no showing of a likelihood of success

---

[1] Defendant missed the forty-five-day deadline to appeal from the March 10, 2023 order. See R. 2:4-1. Therefore, we only address defendant's appeal insofar as it pertains to the June 9 and June 14, 2023 orders.

on the merits of his appeal from the orders such that he has satisfied his burden of establishing an entitlement to a stay under [Crowe v. DeGioia, 90 N.J. 126 (1982)].

That same day, we also denied defendant's motion for summary disposition and granted plaintiff's motion to strike defendant's appendix and brief. We directed plaintiff to submit an appendix and brief that was compliant with the Rules of Court. This appeal followed.

Before us, defendant presents the following arguments for our consideration:

(1) The judge erred in denying his motion for reconsideration and should have compelled plaintiff to provide court-ordered discovery, allowed mediation, and be sanctioned for her "willful failure" to provide discovery;

(2) The judge erred by not sanctioning plaintiff civilly and criminally for fraud in deliberately hiding assets from the court; and

(3) The award of counsel fees should be reversed as America follows the American Rule and plaintiff has not acted with clean hands.

We are unpersuaded.

## II.

Appellate courts defer to the trial court's findings of fact "when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394,

11

412 (1998); see Gnall v. Gnall, 222 N.J. 414, 428 (2015). We review orders entered by the Family Part under a deferential standard of review. Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (citing Gnall, 222 N.J. at 428). Appellate courts "review the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare, 154 N.J. at 413).

Family Part judges have broad discretion to allocate assets subject to equitable distribution, Clark v. Clark, 429 N.J. Super. 61, 71 (App. Div. 2012), make alimony determinations, Martindell v. Martindell, 21 N.J. 341, 355 (1956), and decide income imputations, Storey v. Storey, 373 N.J. Super. 464, 474-75 (App. Div. 2004). If we conclude there is satisfactory evidentiary support for the trial judge's findings, our "task is complete" and we will not disturb the result. Beck v. Beck, 86 N.J. 480, 496 (1981) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Thus, while we owe no special deference to the trial judge's legal conclusions, Manalapan Realty, L.P., v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we will

> "not disturb the factual findings and legal conclusions
> of the trial judge unless . . . convinced that they are so

12

manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.

[Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

A.

Defendant argues that the judge erred when she applied Rule 4:49-2 and not Rule 4:50-1 in dismissing his motion for reconsideration. He also contends the judge should have compelled plaintiff to provide court ordered discovery, attend mediation, and be sanctioned for her "willful failure" to provide discovery.

Under Rule 4:49-2,

Except as otherwise provided by [Rule] 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

13

A decision on whether to deny motion for reconsideration under Rule 4:49-2 is addressed to the judge's discretion.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). "Reconsideration cannot be used to expand the record and reargue a motion[, but] . . . is only to point out the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (internal quotation marks omitted) (quoting R. 4:49-2).

"In short, a motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015).  It "does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion." Ibid. We next apply these foundational principles to the matter before us.

Defendant moved for reconsideration of the judge's March 10, 2023, order.  On June 6, 2023, following oral argument on defendant's motion for reconsideration, the judge stated,

> This [c]ourt notes that . . . the motion for reconsideration filed by [defendant] is deficient.  The [c]ourt initially notes that the order in which he is seeking reconsideration of March 10th, 2023.  He filed

14

this motion for reconsideration on May 2nd, that's [thirty-three] days out of time. He doesn't give a reason why there's such an extension or why he failed to file it within time. He did not seek leave or even provide any good cause for the [c]ourt to consider it.

Further, in accordance with [c]ourt [r]ules, there's supposed to be, or there must be a proposed form of order submitted with the motion. That was not provided by [defendant]. Further, there's no brief [submitted] in [support of] his motion for reconsideration to specify the facts, the law or whatever the [c]ourt must, may have overlooked.

And most significantly, again, this must be at least the third motion that [defendant] has filed with regard to child support. He has failed to file a [CIS] yet again.

For those reasons, this [c]ourt is constrained to deny [defendant's] motion in its entirety.

On a procedural basis, and this [c]ourt also notes, this is not the first motion that [defendant] has brought with regard to child support and seeking an alteration thereof. And yet again, he fails to comply with the [c]ourt [r]ules mandating, requiring him to file a CIS.[2]

Defendant asserts the judge erred in not allowing discovery on the newly discovered 401(k) plan. Defendant claims he obtained a 401(k) statement from

---

[2] Rule 2:5-1(a)(3) provides: "An appeal from the final judgment of a court is taken by filing with the court from which the appeal is taken and the appellate court, and serving those identified in paragraph (b) of this rule with: a [CIS] in the format required by paragraph (h) of this rule."

plaintiff showing she had a marital retirement account worth over $2,000,000.00. According to defendant, plaintiff never disclosed this account—or its value—on her CIS or in discovery.

The judge correctly rejected defendant's arguments because the motion for reconsideration was filed thirty-three days past the twenty days allowed by Rule 4:49-2. Moreover, the judge correctly rejected defendant's arguments because his filing was deficient, with no brief, proposed order, or CIS submitted. Rule 4:49-2 does not permit plaintiff to "take a second bite at the apple." Medina, 442 N.J. Super. at 18. Therefore, we conclude the judge properly denied plaintiff's motion for reconsideration of the child support calculation and did not abuse her discretion.

Further, it is well established that a court may relieve a party from final judgment or order if it finds,

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should

have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

Under Rule 4:50-1, a party may move for relief from a judgment or order based on six enumerated grounds. Rule 4:50-1 "[was] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)).

As such, a motion for relief under Rule 4:50-1 should be granted "sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur." Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alterations in original) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)). Under the rule, the movant bears the burden of demonstrating his or her entitlement to relief. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).

A motion to vacate under Rule 4:50-1 "is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176

17                                                                    A-3062-22

N.J. 201, 207 (2003). That said, the "[trial] court's judgment will be left undisturbed 'unless it represents a clear abuse of discretion.'" Id. at 207-08 (quoting Little, 135 N.J. at 283). A court abuses its discretion "'when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, defendant does not indicate which of the six enumerated grounds he moved for relief of judgment under Rule 4:50-1. But in any event, defendant is mistaken because plaintiff's CNA pension plan was not only disclosed by her prior to the entry of the AFJOD but defendant was awarded his marital portion of plaintiff's CNA pension in the AFJOD. Specifically, Section G of the AFJOD entitled, "Plaintiff's CNA pension," states, "[t]he marital portion of plaintiff's CNA pension shall be divided equally between the parties by way of QDRO." We affirmed on appeal. Hopkins, slip op. at 23. The pension plan that defendant describes as a 401(k) plan is the CNA Retirement Plan, which was equitably distributed. Therefore, plaintiff did not hide the asset, defendant was awarded his equitable share, and we already affirmed this issue on direct appeal.

B.

Next, we address defendant's argument that the judge erred by not sanctioning plaintiff civilly and criminally for fraud in deliberately hiding assets from the court. Defendant avers plaintiff "hid the existence of . . . substantial assets, a 401[(k)]" from the court and defendant, amounting to over $2,000,000.00. Defendant cites to Von Pein v. Von Pein, 268 N.J. Super. 7 (App. Div. 1993), for the proposition plaintiff committed criminal contempt under Rules 1:10-1 and 1:10-3. Defendant argued a recalculation of child support and arrears was necessary and collection should be stayed. We reiterate that defendant's contentions are belied by the record because the AFJOD awarded him equitable distribution of the marital portion of plaintiff's CNA pension.

We are satisfied that plaintiff did not hide any assets from defendant. We conclude plaintiff did not commit civil or criminal fraud and reject defendant's argument.

C.

Finally, defendant contends that the award of counsel fees should be reversed "as America follows the American Rule" and "plaintiff has not acted with clean hands." Defendant argues he could not afford an attorney and was

self-represented, plaintiff earns more money than he does, and he has a "physical disability that hinders employment."  Defendant claims plaintiff resisted discovery relative to the 401(k) plan, and the $2,000,000.00 amount was not listed in any CIS or described in answers to interrogatories.

New Jersey generally follows the American Rule which provides that each party must pay his or her own counsel fees, Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016), however, counsel fees are permitted under Rule 4:42-9 in a family action.  Such fees may be awarded based on a weighing of the factors set forth in Rule 5:3-5(c):

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

Pursuant to RPC 1.5(a):

> A lawyer's fee shall be reasonable.  The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

Typically, the award of counsel fees and costs in matrimonial actions rests in the sound discretion of the trial court. Williams v. Williams, 59 N.J. 229, 233 (1971). An award of fees will not be disturbed in the absence of a showing of abuse. Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970). The Appellate Division "will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion[,]" Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v.

21

Pantzer, 141 N.J. 292, 317 (1995)), or a clear error in judgment. Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010).

Where case law, statutes, and rules are followed and the judge makes appropriate findings of fact, the fee award is entitled to deference. Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2025); J.E.V. v. K.V., 426 N.J. Super. 475, 493-94 (App. Div. 2012).

One consideration in making an award of fees is whether a party acted in bad faith throughout the litigation. Borzillo v. Borzillo, 259 N.J. Super. 286, 291-94 (Ch. Div. 1992); Williams, 59 N.J. at 233. Bad faith may be demonstrated by misuse or abuse of process, seeking relief which one knows or should know that no reasonable argument could be advanced in fact or law to support, intentional misrepresentation of facts or law, and acts of a losing party that are vexatious, wanton or carried out for oppressive reasons. Borzillo, 259 N.J. Super. at 293-94. And, counsel fees may be awarded when a party has unnecessarily prolonged the litigation. Marx v. Marx, 265 N.J. Super. 418, 429 (Ch. Div. 1993).

Here, the judge carefully analyzed each of the Rule 5:3-5(c) factors.

**The financial circumstances of the parties.**

In her March 10, 2023, opinion, the judge considered the financial

circumstances of the parties:

> And this [c]ourt notes the financial circumstances of the
> parties and the [c]ourt also notes that . . . defendant in
> failing to submit a [CIS] or any other financial
> documents certainly constrains the [c]ourt to a certain
> extent, but the [c]ourt recognizes that the financial
> circumstances of the parties are such that the [c]ourt
> would find it cannot make any finding specific as to
> what [defendant] has available to him.

Further in her June 9, 2023, opinion, the judge again considered the

financial circumstances of the parties:

> [T]his [c]ourt notes that [defendant] is representing
> himself.  He is working.  And the financial position of
> . . . plaintiff is that yet again she is brought before the
> [c]ourt to pay counsel fees to enforce a motion which
> actually the ability of the parties to pay their own fees
> or to contribute to the fees of the other parties.  This
> [c]ourt notes that [defendant] failed to file a [CIS] in
> this case.

**The ability of the parties to pay their own fees or to contribute to the fees
of the other party.**

In her March 10, 2023, opinion, the judge considered the ability of the

parties to pay their own fees or to contribute to the fees of the other party:

> This [c]ourt notes that there are substantial arrears that
> are due to . . . plaintiff in this matter as of today

23

$105,510.69 are the total arrears for child support that this defendant owes.

This [c]ourt notes that over the past year since February of 2022 nominal amounts have been paid by . . . defendant. $100[.00], $150[.00], that is February and March of 2022, respectively. Nominal amounts each month have been paid by . . . defendant, most recently $30[.00] this past—for the month of March of 2023, $60[.00] for the month of February 2023, $30[.00] from January of 2023.

As such this [c]ourt finds that . . . plaintiff has received of the total amount of child support that has been due in owning, [$]39,000[.00] approximately. The [$]105,000[.00] still remains due and owing to her.

Further in her opinion from June 9, 2023 opinion, the judge analyzed this factor:

this [c]ourt notes that [defendant] is representing himself. He is working. And the financial position of . . . plaintiff is that yet again she is brought before the [c]ourt to pay counsel fees to enforce a motion which actually the ability of the parties to pay their own fees or to contribute to the fees of the other parties. This [c]ourt notes that [defendant] failed to file a [CIS] in this case.

**<u>The reasonableness and good faith of the positions advanced by the parties both during and prior to trial.</u>**

In her March 10, 2023, opinion, the judge considered the reasonableness and good faith of the positions advanced by the parties:

24

[T]his [c]ourt does find that there has been a complete disregard for the [c]ourt rules by this defendant despite the fact that he is an attorney, or moreover because the [c]ourt has very succinctly, very clearly throughout this litigation has spelled forth and explained to this defendant exactly what is required and the majority of his motions have been denied because of their deficiencies in his submission[s].

Further the [c]ourt finds that this defendant disregarded the directive with regard to the time that he was required to file the reply of this motion. And the representations that this litigant has made with regard to different [c]ourt orders, those that he choose to submit to the [c]ourt, as well as a misrepresentation to the [c]ourt as to the QDROs and all QDROs being subject—rather all pensions being subject to the QDROs. Although during oral argument I will note that . . . defendant disagreed with the [AFJOD].

And certainly this plaintiff yet again has been brought to [c]ourt to defend her position and to seek an enforcement of the child support as well as the QDRO . . . .

Further, in her June 9, 2023, opinion on this factor, the judge stated:

This [c]ourt notes that the reasonableness and good faith of the, of [plaintiff] in this case is evident. This is the perhaps the third motion with regard to child support or reconsideration that is completely deficient. There have been at least two other motions filed by [defendant] that are completely deficient and such that the—he has not prevailed in any of those prior motions. Similar, if not the exact same arguments have been made repetitively in the following motions.

I indicated, [plaintiff] has been very reasonable all along. Has made good faith in seeking the relief that she's requesting. [Defendant], this [c]ourt finds, does not find—or rather this [c]ourt finds [has] not exhibited good faith in that he filed a motion of such deficiency and consistently failing to include a [CIS].

**The extent of the fees incurred by both parties.**

In her March 10, 2023, opinion, the judge stated:

And certainly this plaintiff yet again has been brought to [c]ourt to defend her position and to seek an enforcement of the child support as well as the QDRO in his position. So the extent of the fees incurred by both parties, . . . plaintiff had to incur the fees in the amount of $3,160[.00] and $2,514[.00].

Further in her June 9, 2023, opinion, the judge stated:

The extent of the fees incurred by both parties. This [c]ourt finds that the amount of $2,888[.00] was paid by, or rather was, has been incurred by [plaintiff]. [Defendant] represents himself.

**Any fees previously awarded.**

In her March 10, 2023, opinion, the judge stated:

[T]here were two prior occasions, on April 29th, 2021 counsel fees in the amount of $2,294[.00], that amount was added to the arrears. And on August 31st, 2021 counsel fees were awarded in the amount of $3,840[.00]. Those have not been paid.

In her June 9, 2023, opinion, the judge stated:

The [c]ourt has consistently provided counsel fees to [plaintiff]. And this [c]ourt also notes that none of those fees have ever been paid by [defendant] which goes to the next factor, the amount of fees previously paid to counsel by each party.

## The amount of fees previously paid to counsel by each party.

In her March 10, 2023, opinion, the judge carefully considered the amount of fees paid to counsel by each party when she stated,

> [T]here were two prior occasions, on April 29th, 2021 counsel fees in the amount of $2,294[.00], that amount was added to the arrears. And on August 31st, 2021 counsel fees were awarded in the amount of $3,840[.00]. Those have not been paid.

Further in her opinion from June 9, 2023, the judge again considered this factor when she stated,

> The [c]ourt has consistently provided counsel fees to [plaintiff]. And this [c]ourt also notes that none of those fees have ever been paid by [defendant] which goes to the next factor, the amount of fees previously paid to counsel by each party.

## The results obtained.

In her opinion from March 10, 2023, the judge scrutinized the results obtained: "[T]his plaintiff has been successful in her cross[-]motions and in opposition to . . . defendant's motion, he has not succeeded."

27

On June 9, 2023, the judge weighed the financial circumstances of the parties and determined:  "In this motion, [plaintiff] has prevailed in every relief that she has sought.  [Defendant] has not."

**The degree to which fees were incurred to enforce existing orders or to compel discovery.**

In her March 10, 2023, opinion, the judge found:  "The [c]ourt notes again yet for the deficiencies the degree to which the fees were incurred to enforce existing orders and/or to compel discovery, there was no discovery that was required to be compelled."

Further, in her June 9, 2023, opinion, the judge added:

> The next factor, the degree to which fees were incurred to enforcing existing order or to compel discovery. This [c]ourt finds that part of that cross[-]motion included enforcing the prior order, the very order that [defendant] is asking the [c]ourt to reconsider.

> This [c]ourt notes that with regard to the reconsideration, if it wasn't clear before, this [c]ourt notes that nothing has been indicated by [defendant] with regard to any substantive aspect because his motion is deficient, so procedurally deficient.

**Any other factor bearing on the fairness of an award.**

In her March 10, 2023, opinion, the judge considered this factor:

> [T]his [c]ourt does find that the—the amounts submitted by counsel are fair and reasonable in—

28

similar to the rate in which counsel similarly is situated in it[]s geographical area. So with regard to the fees and request for fees[,] the fee amount of $3,160[.00], that was for the cross[-]motion to defend and enforce child support. This [c]ourt will add that amount to the arrears of child support.

With regard to the fees, that is $2,514[.00] for the cross[-]motion regarding the QDRO, at this time this [c]ourt does grant those fees after an assessment of the factors required by the [c]ourt . . . .

On June 9, 2023, the judge noted:

This [c]ourt does find that, again [defendant] is seeking an application with regard to child support. He fails to file a [CIS]. This [c]ourt has advised him in filing such motions previously that a [CIS] is required. He has failed to do that.

Accordingly this [c]ourt is going to grant the request for counsel fees and costs for the within application in the amount of $2,888[.00] . . . .

We reject defendant's argument that the judge abused her discretion by not applying the American Rule. To the contrary, the judge properly applied the Rule 5:3-5(c) factors. We conclude the judge provided thorough reasons in her determinations—in two different opinions—and detailed her findings as to each factor enumerated under Rule 5:3-5(c). The judge noted in her analyses plaintiff had to file several post-judgment motions to enforce the terms of the AFJOD now entered ten years ago. Moreover, the judge highlighted defendant's

29

repeated refusal to comply with prior court orders and file a CIS with his motions.

In addition, the judge delineated defendant's financial circumstances in comparison to plaintiff's and the substantial child support arrears due and owing. Our review of fee applications is governed by a standard of a clear abuse of discretion. City of Englewood v. Exxon Mobile Corp., 406 N.J. Super 110, 123 (App. Div. 2009). Here the judge made specific findings as to the Rule 5:3-5(c) factors. In light of the foregoing guiding principles, we discern no abuse of discretion.

We conclude the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3062-22